1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10   THOMAS ALLEN SHUTE,

11              Plaintiff,
                                                    Case No. C03-5697 FDB
12         v.
                                                    AMENDED ORDER ON
13   MICHAEL ASTRUE, Commissioner of Social         ATTORNEY FEE
     Security,
14
                Defendant.
15

16

17

18        This matter comes before the Court on Plaintiff's motion for authorization of attorney fees

19   under 42 U.S.C. § 406(b).  This court has jurisdiction to award attorney fees for work before this

20   court under 42 U.S.C. § 406(b).  Straw v. Bowen, 866 F.2d 1167 (9th Cir. 1989).

21        Previously, this Court awarded Plaintiff's counsel $2,490.60 pursuant to the Equal Access to

22   Justice Act (EAJA).  An attorney fee of $4,000.00 has been paid to separate counsel for

23   representation in the administrative proceedings.  See 42 U.S.C. § 406(a).  Plaintiff's counsel now

24   petitions for a gross fee of $18,903.00.  Plaintiff has subtracted from 25% of the past due benefits

25

26   ORDER - 1

1   the amount awarded pursuant to the EAJA and the administrative proceedings fee and requests a net

2   § 406(b) fee of $12,412.40, minus any administrative assessment as allowed by statute.  The motion

3   is supported by the declaration of Plaintiff's counsel setting forth 17.9 hours as the amount of

4   attorney time expended in obtaining a stipulated remand in this matter and the terms of the attorney

5   fee contingency agreement executed between Plaintiff and counsel indicating that in the event

6   benefits are awarded counsel is entitled to a combined total fee for court work equaling 25% of the

7   past-due benefits, minus the administrative proceedings fee paid to other counsel.

8          The Defendant does dispute that the Plaintiff's calculation of the fee equals 25% of the past-

9   due benefits as permitted by statute and that the number of hours spent on this matter are reasonable.

10  Defendant nonetheless asserts that a gross award of $18,903.00 (net award of $12,412.40) is

11  excessive in light of the number of hours expended in litigating the merits of this case.  Authorizing

12  Plaintiff's counsel to receive $14,903.00 for 17.9 hours of work would represent an attorney hourly

13  fee rate of $832.57.  Defendant asserts that a gross award of $7,160.00 (net award of $4,669.40)

14  would be an equitable award representing an hourly fee of $400.00.

15         In order to provide for representation of social security claimants, Congress authorized

16  payment of "a reasonable fee for such representation, not in excess of 25 percent of past due

17  benefits" won through that representation.  42 U.S.C. § 406(b)(1)(A).  The statutory and regulatory

18  regime is unusual in allowing only contingency fees.  In other words, where benefits are denied, no

19  fees are allowed.  See Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002).  In fact, it is a criminal

20  offense for an attorney to charge a non-contingent fee or a fee in excess of the 25 percent statutory

21  ceiling.  See 42 U.S.C. § 406(b)(2); Gisbrecht, 535 U.S. at 795-96.

22          Resolving a circuit split on the issue, Gisbrecht held the provision of § 406(b) limiting

23  attorney fees to 25 percent of past-due benefits was designed to control contingency fee agreements,

24  not to displace them.  Gisbrecht, 535 U.S. at 807.  Within the 25 percent boundary the attorney for

25  the successful claimant must show that the fee sought is reasonable for the services rendered.  *Id*.

26  ORDER - 2

1   Under Gisbrecht, a district court is required to conduct an independent review of a fee request to

2   assure that they yield reasonable results in particular cases. *Id*. at 807-08. A court may exercise its

3   discretion to reduce an attorney's contractual recovery based on the character of the representation

4   and the result achieved. *Id*. For example, "[i]f the benefits are large in comparison to the amount of

5   time counsel spent on the case, a downward adjustment is ... in order." *Id*. Additional

6   reasonableness factors noted in Gisbrecht, include the attorney's risk of loss, the nature and character

7   of the representation, future benefits accruing to the petitioner from counsel's work, delays caused by

8   counsel, and other uncertainties. *Id*. at 808.

9           Since Gisbrecht was handed down, the district courts in the application of an independent

10  review have not been consistent in their approach. Ellick v. Barnhart, 445 F. Supp.2d 1166, 1172

11  (C.D. Cal. 2006)(surveying of district court decisions). The courts generally have been deferential to

12  the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting de facto hourly

13  rates may exceed those for non-contingency fee arrangements. *Id.*, at 1168-70; Hearn v. Barnhart,

14  262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003). See, *e.g*., Colegrove v. Barnhart, 435 F. Supp.2d

15  218, 219 (W.D. N.Y. 2006); Thomas v. Barnhart, 412 F. Supp.2d 1240, 1244 (M.D. Ala. 2005);

16  Faircloth v. Barnhart, 398 F. Supp.2d 1169, 1174 (D. N.M. 2005); Mitchell v. Barnhart, 376 F.

17  Supp.2d 916, 923 (S.D. Iowa 2005); Kopulos v. Barnhart, 318 F. Supp.2d 657, 668-69 (N.D. Ill.

18  2004); Thompson v. Barnhart, 240 F. Supp.2d 562 (W.D. Va. 2003); Roark v. Barnhart, 221 F.

19  Supp.2d 1020, 1026 (W.D. Mo. 2002); Coppett v. Barnhart, 242 F. Supp.2d 1380 (S.D. Ga. 2002).

20  These cases recognize that basing a reasonableness determination on a simple hourly rate basis is

21  inappropriate when an attorney is working pursuant to a reasonable contingency contract for which

22  there runs a substantial risk of loss. Ellick v. Barnhart, 445 F. Supp.2d at 1168-70; Hearn v.

23  Barnhart, 262 F. Supp.2d at 1037. These courts find the amount of fees requested reasonable as

24  consistent with the actual fee agreement executed between claimant and counsel and that they are

25  within or at the statutory cap. In granting an award equal to the 25 percent cap, the courts also

26  ORDER - 3

1  mention such favorable factors as the experience and skill of counsel, exceptional results, amount of

2  time expended, complex issues and the fact that the amount of past-due benefits does not reflect the

3  true value of the results achieved where the claimant receives substantial ongoing benefits.  See,

4  Ellick v. Barnhart, 445 F. Supp.2d at 1168-70; Hearn v. Barnhart, 262 F. Supp.2d at 1037.

5         The courts that have reduced the award of fees below the requested 25 percent of past-due

6  benefits have generally done so under the admonition of Gisbrecht that if the benefits are large in

7  comparison to the amount of time counsel spent on the case, a downward adjustment from the 25

8  percent cap is in order.  Gisbrecht v. Barnhart, 535 U.S. 789,808 (2002).  See, Ellick v. Barnhart,

9  445 F.Supp2d 1166, 1172 (C.D. Cal. 2006); Grunseich v. Barnhart, 439 F. Supp.2d 1032, 1033

10  (C.D. Cal. 2006); Hodges-Williams v. Barnhart, 400 F. Supp.2d 1093, 1099-1100 (N.D. Ill. 2005)

11  Brown v. Barnhart, 270 F. Supp.2d 769, 772 (W.D. Va. 2003).

12         Having reviewed the pleadings on file in this case in light of Gisbrecht, the Court concludes

13  that counsel for Plaintiff has not met his burden of showing the reasonableness of the fees requested.

14  Counsel achieved a favorable result for Plaintiff and should be reasonably compensated to recognize

15  the risks of contingent representation, the amount of expertise counsel brings to this matter, that

16  Plaintiff not only received past-due benefits but on going benefits, and that Plaintiff entered into a 25

17  percent contingency fee agreement with counsel.  In contrast to these favorable factors, counsel

18  spent very little time on this case in comparison to the amount of past due benefits obtained on behalf

19  of the Plaintiff, and the issues addressed were neither novel or complex.  A full contingent fee award

20  to counsel of $14,903.00 ($18,903.00 minus $4,000.00 paid to other counsel in administrative

21  proceedings) for 17.9 hours of work would represent an attorney hourly rate of $832.57.00.  Under

22  the circumstances of this case such an award would constitute a "windfall" and a downward

23  adjustment is in order. See,  Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002).  Counsel for Plaintiff

24  indicates in his pleadings that in the vast majority of cases where §406(b) fees are sought, the

25  effective hourly rate is less than $400.00.  Balancing the need to avoid windfall against the factors

26  ORDER - 4

1  supporting a substantial fee, the Court finds that a fee award of $8950.00 is a reasonable fee for

2  representation of the Plaintiff before this Court.  This award represents a *de facto* hourly rate of

3  $500.00, an amount greater than that awarded in the vast majority of cases and an award that

4  reasonably reflects the contingency nature of this §406(b) fee.

5          ACCORDINGLY;

6          IT IS ORDERED:

7      Plaintiff's attorney Elie  Halpern is awarded a attorney's fee of $8,950.00 for work performed

8  in this Court pursuant to 42 U.S.C. § 406(b), reduced by the previously awarded EAJA fees of

9  $2,490.60, leaving a  net fee award of $6,459.40.  When issuing the 42 U.S.C. § 406(b) check for

10  payment to Plaintiff's attorney herein, Social Security is directed to send to Plaintiff's attorney the net

11  balance of $6,459.40, minus any applicable administrative fees as allowed by statute.

12

13          DATED this 6th day of August, 2007.

14

15

16  _____
    FRANKLIN D. BURGESS
17  UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26  ORDER - 5